# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Vance Marcel Gibson, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:06CV00332 |
| v | ) | 6:93CR211-1 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  This motion cannot be further processed because court records reveal that petitioner has previously attacked the same conviction and sentence in a previous section 2255 motion.  [No. 1:98CV113] Consequently,  petitioner must move in the Fourth Circuit Court of Appeals for an order authorizing this district court to consider the current motion.  This is required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244.  See AO 243 (MDNC 3/97), Instructions, ¶ (4), which is enclosed.  Because of this pleading failure, this

particular motion should be filed and then dismissed.[1]

**IT IS THEREFORE RECOMMENDED** that this action be filed and then dismissed sua sponte for failure to obtain certification for this § 2255 application by filing a Motion for Authorization in the court of appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

**IT IS THEREFORE ORDERED** that the clerk send petitioner a copy of this recommendation, instruction forms for filing Section 2255 motions in this Court and Motions for Authorization in the court of appeals, and four copies of Section 2255 motion forms (more copies will be sent on request). Petitioner should keep the original and two copies of the Section 2255 motion which can be submitted in this court if petitioner obtains approval from the Fourth Circuit.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: April 17, 2006

---

[1] The court rejects petitioner's argument that this should not be considered a second motion pursuant to In re Cabey, 429 F.3d 93 (4th Cir. 2005), reh'g granted, (Jan. 10, 2006). That decision is vacated due to the granting of the rehearing. 4th Cir. I.O.P. 40.2. Moreover, in that case the court held that a petitioner seeking to raise only issues related to his parole status that he could not have raised in his earlier habeas petition was not required to obtain pre-filing authorization. Petitioner in this case is not seeking to raise only issues related to such a discrete, separate proceeding as the granting or revocation of parole. He is raising issues related to his conviction and therefore still must obtain authorization.